**Appellees' Motion to Dismiss Granted; Dismissed and Memorandum Opinion filed May 16, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00184-CV

---

### JAMES SHAFFER, Appellant

### V.

### LYONDELL CHEMICAL CO., LYONDELLBASELL ACETYLS, LLC, AND EQUISTAR CHEMICALS, L.P., Appellees

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2022-09420**

---

### MEMORANDUM OPINION

This is an attempted appeal from a judgment signed November 29, 2022. Appellant, James Shaffer, filed a timely motion for new trial on December 9, 2023. The trial court denied Shaffer's motion for new trial on January 25, 2023, and Shaffer filed his notice of appeal on March 15, 2023. Contending that appellant's notice of appeal was untimely, appellees have filed in our court a motion to dismiss this appeal for lack of jurisdiction.

When an appellant has filed a timely post-judgment motion of a type identified in rule 26.1(a), a notice of appeal must be filed within 90 days after the date the judgment is signed. *See* Tex. R. App. P. 26.1(a). Thus, Shaffer's notice of appeal was due February 27, 2023. Shaffer's notice of appeal was not filed timely.

The appellate rules allow an appellate court to extend the time to file a notice of appeal. Tex. R. App. P. 26.3. An appellate court is authorized to do so if, within fifteen days after the original deadline for filing the notice of appeal, the appellant (1) files in the trial court a notice of appeal and (2) files in the appellate court a motion complying with rule 10.5(b). *Id*. Fifteen days after February 27, 2023 was Tuesday March 14, 2023. Shaffer filed a notice of appeal in the trial court on March 15, 2023; and he filed a motion to extend time to file a notice of appeal in our court on March 20, 2023. Shaffer did not comply with either prerequisite in rule 26.3. Therefore, we may not extend time for Shaffer to file his untimely notice of appeal.

A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the fifteen day grace period provided by Rule 26.3 for filing a motion to extend time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). This principle is not implicated here, however, because Shaffer's notice of appeal was filed one day after the fifteen-day grace period expired..

In his motion to extend time to file a notice of appeal, Shaffer argues that he filed the notice of appeal late due to confusion. Assuming as much, we are nonetheless unauthorized by the rules of procedure to grant relief under the circumstances presented. In particular, Shaffer argues that he did not receive notice of the November 29, 2022 judgment, and he will be denied fundamental due

process unless we extend the time for him to file his notice of appeal.  We disagree.  If Shaffer did not receive timely notice of the judgment from the district clerk, the rules of procedure provide a remedy.  Tex. R. Civ. P. 306a(4).  Shaffer has not demonstrated that he has complied with this rule nor has he filed a signed order with our court establishing that the appellate deadlines have been restarted under this rule.

Appellant also cites two parental-termination appeals in which the Dallas and Austin Courts of Appeals allowed for late notices of appeal. *See A.G. v Tex. Dept. of Fam. & Protective Servs.*, No. 03-22-00502-CV, 2022 WL 10714200 (Tex. App.—Austin Oct. 19, 2022, no pet.) (allowing for late notice of appeal where counsel was not appointed until "well beyond" the deadline for filing a notice of appeal); *In re D.P.G.*, No. 05-20-00652-CV, 2021 WL 2472717 (Tex. App.—Dallas June 17, 2021, no pet.) (allowing for late notice of appeal where counsel did not receive notice of appointment until after the deadline for filing a notice of appeal). These cases are distinguishable and thus inapplicable here because both cases involved the attempted appeal of judgments terminating parental rights and counsel either was not appointed or did not have notice of appointment until the appellate deadline had expired.  We decline to extend those court's holdings to the instant appeal.  An appellant's failure to timely file a notice of appeal deprives this court of jurisdiction. *Ridge v. Ridge*, 658 S.W.3d 427, 431 (Tex. App.—Houston [14th Dist.] 2022, no pet.).  We are without jurisdiction to consider the merits of this appeal. We deny appellant's motion to extend time to file a notice of appeal and grant appellees' motion to dismiss.

Accordingly, the appeal is ordered dismissed.


PER CURIAM

3

Panel consists of Justices Jewell, Hassan, and Wilson.